

**FILED**
6/4/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOHN MYERS

Violation: Title 18, United States Code,
Section 1343

1:26-cr-00278
Judge Edmond E. Chang
Magistrate Judge Heather K. McShain
Random/Cat 3

**COUNT ONE**

The SPECIAL JANUARY 2026 GRAND JURY charges:

1.      At times material to this indictment:

        a.      Defendant JOHN MYERS operated Sterling Capital Investments, LLC, a limited liability company organized in the state of Illinois.

        b.      MYERS solicited and received funds from investors through Sterling Capital Investments, LLC, which funds were to be invested by MYERS for the benefit of the investors.

        c.      Victim A was an individual residing in Grand Rapids, Michigan.

        d.      Victim B was an individual residing in Newberry, Michigan. Victim C was an individual residing in Newberry, Michigan. Victim B and Victim C were married to each other.

1

2.      Beginning no later than in or around October 2022, and continuing through in or around November 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN MYERS,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud investors, and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.      It was part of the scheme that MYERS fraudulently solicited and obtained money from Victim A, Victim B, and Victim C through Sterling Capital Investments, LLC as an investment based on false representations about the performance and value of the investment.

4.      It was further part of the scheme that after receiving Victim A's funds, MYERS falsely told Victim A that Victim A's investment was profitable in order to obtain additional investment funds from Victim A, when MYERS knew that the value of Victim A's investment had decreased due to trading losses caused by MYERS.

5.      It was further part of the scheme that, in order to ensure that Victim A invested more money with MYERS, MYERS created false documentation, including account statements, that falsely represented to Victim A that the value of Victim A's investment was greater than the investment was actually worth.

2

6.      It was further part of the scheme that after receiving Victim B's initial investment funds, MYERS, in an effort to induce Victim B into convincing Victim C to invest Victim C's funds with MYERS, falsely told Victim B that Victim B's investment was profitable and provided false documentation reflecting that Victim B's investment was worth more than it was, when MYERS knew that the value of Victim B's investment had decreased due to trading losses caused by MYERS.

7.      It was further part of the scheme that after receiving Victim C's initial investment funds, MYERS, in order to conceal trading losses for Victim C's investment, created false documentation, including account statements, that falsely represented to Victim C that the value of Victim C's investment was greater than the investment was actually worth, when MYERS knew that the value of Victim C's investment had decreased due to trading losses caused by MYERS.

8.      It was further part of the scheme that MYERS, rather than investing their funds for their benefit, used some of the investors' funds to repay prior investors.

9.      It was further part of the scheme that MYERS, in order to lull victims into believing their investment funds would be returned to them, misrepresented to victims his ability to repay their investment funds by, among other things, falsely claiming that their funds were inaccessible due to government actions, when, in fact, he knew that not to be true.

10. It was further part of the scheme that MYERS misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

11. On or about November 27, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN MYERS,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer of funds in the amount of $100,000 from Victim A to a bank account controlled by MYERS;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1.     Paragraphs 1 through 10 of Count One are incorporated here.

2.     On or about July 12, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN MYERS,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email from MYERS to Victim A attaching a false quarterly account statement;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1.     Paragraphs 1 through 10 of Count One are incorporated here.

2.     On or about September 17, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN MYERS,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer of approximately $182,091 from an investment account Victim C maintained to an investment account in Victim C's name controlled by MYERS;

In violation of Title 18, United States Code, Section 1343.

6

## COUNT FOUR

The SPECIAL JANUARY 2026 GRAND JURY further charges:

1.      Paragraphs 1 through 10 of Count One are incorporated here.

2.      On or about November 13, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN MYERS,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an iMessage from MYERS to Victim B regarding Victim C's investment;

In violation of Title 18, United States Code, Section 1343.


A TRUE BILL:


_____

FOREPERSON



_____

UNITED STATES ATTORNEY

7